UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FARIN KATHLEEN BURT,

    Plaintiff,

v.                                                Case No. 1:17-cv-347

                                                   Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplement security income (SSI).

Plaintiff alleged a disability onset date of January 16, 2014. PageID.224. In her brief, plaintiff stated that she took a non-paid medical leave of absence in January 2014 due to gastrointestinal complications and was later involved in an automobile accident on February 27, 2014. Plaintiff's Brief (ECF No. 10, PageID.982). Plaintiff identified her disabling conditions as: depression; anxiety; post traumatic stress disorder; memory loss; car accident injury; severe kidney bruises; hip and back injury; closed head injury; celiac disease; and lactose intolerant. PageID.229. Prior to applying for DIB and SSI, plaintiff completed the 12th Grade, had additional training as a nurse's assistant, with past employment as a housekeeper, factory laborer, nurse's aide, housekeeper, direct caregiver in an adult foster home, and retail cashier. PageID.230. An

1

administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on December 1, 2015. PageID.43-52.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

3

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 16, 2014, and met the insured status requirements of the Social Security Act through December 31, 2015. PageID.45.

At the second step, the ALJ found that plaintiff had severe impairments of: traumatic brain injury, epilepsy, and affective/anxiety disorders. PageID.45. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.46.

The ALJ decided at the fourth step that "[c]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she can only occasionally be exposed to hazards; in simple, routine, and repetitive tasks." PageID.47. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.51.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.51-52. Specifically, the ALJ found that plaintiff could perform the requirements of light and unskilled occupations in the national economy such as assembler (444,000 jobs), inspector (129,000 jobs), and a packer (321,000 jobs). PageID.52. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from January 16, 2014 (the alleged onset date) through December 1, 2015 (the date of the decision). PageID.52.

## III.    DISCUSSION

Plaintiff set forth on issue one appeal:

**The record evidence fails to support the ALJ's determination that Farin Burt's increasing headaches – post motor vehicle accident and traumatic brain injury – were non-severe.**

Plaintiff contends that the ALJ erred by failing to find that her headaches were a severe impairment. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). As discussed, the ALJ found that plaintiff had severe impairments of traumatic brain injury, epilepsy, and affective/anxiety disorders. PageID.45. In rejecting plaintiff's claims regarding her other conditions (including headaches), the ALJ stated as follows:

> The record evidence does not support a finding that claimant's diagnosed headaches, minimal lumbar degenerative disc disease, and left hip bursitis causes more than minimal limitations in her ability to sustain employment. X-ray of her hips showed no acute osseous abnormality of the left hip, a punctate ossicle at the lateral margin of the left acetabulum with a chronic labral tear, and mild osteoarthritic change of the lower right sacroiliac joint (Ex. 12F, 22F). X-rays of her lumbar spine showed only minimal dextroconvex curvature of the lumbar spine with minimal disk disease at L5 but no acute osseous abnormality (Ex. 12F, 16F, 22F). In addition, claimant has a history of gastritis and kidney stones (Ex. 4F, 7F, 15F, 22F, 23F). Medical professionals are monitoring these impairments and there is no evidence of lasting effects. There is no objective medical evidence to support that these conditions have lasted or can be expected to last for a continuous period of not less than 12 months. Accordingly, I find these medically determinable impairments are non-severe. Nevertheless, I note that in assessing a claimant's residual functional capacity, the functionally limiting effects of "all . . . medically determinable impairments" are considered, including those that are not severe (20 CFR 404.1545 and 416.945). Therefore, it is reasonable that theses [sic] impairments could cause some symptoms, and these symptoms have been generously considered within the delineated residual functional capacity. There is no evidence to support further restrictions.

PageID.45-46.

Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id.* "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008).

In his reply brief, plaintiff contends that this Court should not follow the Sixth Circuit's decisions in either *Anthony* or *Maziarz*. The Court declines this invitation. While *Anthony* is an unpublished opinion appearing in the Federal Appendix, Sixth Circuit opinions continue to cite it as persuasive authority. For example, in *Kepke v. Commissioner of Social Security*, 636 Fed. Appx. 625 (6th Cir. 2016) the Sixth Circuit applied the *Anthony/Maziarz* analysis:

> The prior ALJ decision listed Kepke's thyroid disease as a severe impairment. Kepke avers that the ALJ reversibly erred by failing to also list her thyroid disease as a severe impairment in the second step of the sequential disability evaluation process. Kepke's argument is invalid. The ALJ found that Kepke has several other severe impairments. Therefore, Kepke cleared step two of the sequential analysis, requiring the ALJ to consider all of Kepke's impairments (severe and non-severe) in the remaining steps. *See Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008) (finding that the ALJ's failure to list a severe impairment was "legally irrelevant" because the ALJ found other severe impairments, allowing the claimant to clear step two, and causing the ALJ to consider all of his impairments in the remaining steps); *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987) (holding that failure to find one of claimant's cervical conditions severe could not constitute reversible error because the Secretary found other severe impairments, allowing the Secretary to later consider the condition in crafting the RFC).

*Kepke*, 636 Fed. Appx. at 634.

The recent opinion in *Hedges v. Commissioner of Social Security*, 725 Fed. Appx. 394 (6th Cir. 2018) also affirmed the validity of the *Anthony/Maziarz* analysis:

> Though the ALJ concluded that Hedges did not have any severe mental-health impairments, the ALJ did find that Hedges suffered from four severe physical impairments. And once an ALJ finds that a claimant has at least one severe impairment at step two of the disability analysis, the ALJ must then "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe" in evaluating the claimant's ability to work in step four. 20 C.F.R. § 404.1545(e) (emphasis added). That is what the ALJ did here. So whether the ALJ characterized Hedges' mental-health impairments as severe or non-severe at step two is "legally irrelevant" and does not amount to error. *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) ).

*Hedges*, 725 Fed. Appx. at 395.

As the opinions in *Maziarz*, *Anthony*, *Kepke* and *Hedges* make clear, when an ALJ finds one or more conditions to be severe impairments at step two, the failure to identify another condition as a severe impairment is legally irrelevant, because the ALJ is required to consider the limiting effects of all impairments, "even those that are not severe", in crafting the RFC. That is how the ALJ proceeded in this case with respect to plaintiff's headaches. PageID.45-46, 48. Ultimately, the ALJ determined that plaintiff's RFC limited her to work which involved only occasional exposure to hazards and the performance of "simple, routine, and repetitive tasks." PageID.47. Accordingly, the ALJ's failure to include plaintiff's headaches as a severe impairment at step two is legally irrelevant and her claim of error will be denied.

## IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated:  September 18, 2018                                                           /s/ Ray Kent
                                                                                                        United States Magistrate Judge